CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS 2012 DEC 13   AM 11: 46
AMARILLO DIVISION

DEPUTY CLERK_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 2:12-CR-37-J |
| | § | |
| MICHAEL DAVID GOODWIN (1) | § | |

## PLEA AGREEMENT

Michael David Goodwin, defendant, Clark Holesinger, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the defendant**: The defendant understands that he has the right

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offense alleged in Count 3 of the superseding indictment, charging a violation of 18 U.S.C. § 1347, that is, Health Care Fraud. The defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

**Plea Agreement - Page 1**

3.    **Sentence**: The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed **ten (10) years**;

    b.    a fine not to exceed **$250,000**, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than **three (3) years**, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision; and,

    g.    forfeiture of property.

4.    **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw his plea if his sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

**Plea Agreement - Page 2**

5.    **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.    **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7.    **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.

**Plea Agreement - Page 3**

The government will dismiss, after sentencing, any remaining charges in the pending

indictment against this defendant, as well as all charges against Patty Goodwin.  This

agreement is limited to the United States Attorney's Office for the Northern District of

Texas and does not bind any other federal, state, or local prosecuting authorities, nor does

it prohibit any civil or administrative proceeding against the defendant or any property.

8.      **Restitution and Forfeiture of Property**: Pursuant to 18 U.S.C. §§ 3663,

3663A, the defendant agrees to pay restitution for losses resulting from all of his criminal

conduct, and understands that restitution will not be limited to losses stemming from the

offense of conviction alone.  The defendant agrees not to contest, challenge, or appeal in

any way the administrative or judicial (civil or criminal) forfeiture to the United States of

any property noted as subject to forfeiture in the Superseding Indictment and in any bills

of particulars, or seized or restrained by law enforcement officers during the investigation

related to this criminal cause.  The defendant consents to entry of any orders or

declarations of forfeiture regarding all such property and waives any requirements

(including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983,

and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of

Criminal Procedure.  The defendant agrees to provide truthful information and evidence

necessary for the government to forfeit such property.  The defendant agrees to hold the

government, its officers, agents, and employees harmless from any claims whatsoever in

connection with the seizure, forfeiture, storage, or disposal of such property.

9.      **Violation of agreement**: The defendant understands that if he violates any

provision of this agreement, or if his guilty plea is vacated or withdrawn, the government

**Plea Agreement - Page 4**

will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge.  In such event, the defendant waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.     **Voluntary plea**:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.     **Representation of counsel**:  The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.  Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.     **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

**Plea Agreement - Page 5**

AGREED TO AND SIGNED this *13th* day of December, 2012.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
MARK NICHOLS
Deputy Criminal Chief

_____
SALLY A. HELMER
Special Assistant United States Attorney
Texas Bar No. 24000090
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817.252.5447
Facsimile: 817.252.5455
Email: sally.helmer@usdoj.gov

_____
MICHAEL DAVID GOODWIN
Defendant

_____
CLARK HOLESINGER   WILLIAM E. KELLY, III
Attorney for Defendant

**Plea Agreement - Page 6**